CHARLES E. MINER, Plaintiff and Appellee, *v.* BERNABÉ IRIZARRY, Defendant and Appellant.

No. 7222. Argued May 27, 1937.—Decided November 2, 1937.

198

*José Sabater* for appellant. *J. Alemañy Sosa* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The instant case is a suit for the denial of a servitude decided by the District Court of Mayagüez in favor of the plaintiff. The defendant appealed and in his brief made seven assignments of errors which may be reduced to three, to wit; error in the weighing of the evidence and an erroneus interpretation and application of Sections 475 and 503 of the Civil Code (Ed. 1930) and of the jurisprudence applicable to the same.

Both parties admit that the plaintiff is the owner of a rural property situated in the Ward of Montoso, of Mayagüez; that the defendant is the owner of another rural property which bounds that of the plaintiff; that both properties originated from an old coffee plantation, and that both properties are recorded in the registry of property, and that no mention of the servitude of right of way in question is made in the records.

The defendant bases his claim to the right of servitude in the existence since time immemorial of a road which starting from the highway crosses the property of the plaintiff and continues through that of the defendant until it reaches the buildings of the old coffee plantation, and in that when the plantation was divided amongst the heirs of its owner the part adjudicated to the defendant was surrounded by the other parcels having said road as an outlet, there being no agreement between the heirs with respect to prohibit the de-

fendant to use said road. The defendant is one of the heirs and the plaintiff in turn inherited from another.

In order to prove their respective claims, both parties offered documentary and oral evidence. Based on the results of the same, the lower court decided in favor of the plaintiff and declared that the property was not subject to the servitude in accordance with the facts and the law. It admitted that the defendant was crossing the property of the plaintiff by a private road which existed in the same, but it concluded that this was due to the mere tolerance of the plaintiff, and it also concluded that the defendant had not alleged nor proved prescription by time immemorial prior to the year 1890, nor did he established that the rule of Section 504 of the Civil Code was applicable to him.

The defendant and appellant did not place this Court in the same condition in which the district court was when it examined and weighed the evidence, as he failed to file with the transcript certain plans and photographs which the plaintiff offered in evidence, although there was an agreement that the originals would be sent up in case of an appeal.

Notwithstanding this fact we have examined the transcript and we believe that the evidence which it contains supports the conclusion of the lower court.

In the first place said evidence is manifestly insufficient to establish a servitude of right of way acquired by the use from time immemorial prior to the effective date of the Spanish Civil Code which was extended to Puerto Rico by Royal Decree of July 31, 1889, and this fact was necessary in order to support the position taken by the defendant in accordance with the law and the repeated decisions of this Supreme Court. Section 475 of the Revised Civil Code (Ed. 1930), which is the same as Section 439 of the old Code; *Del-Moral* v. *Muratti,* 34 P.R.R. 244; *Trujillo* v. *López,* 45 P.R.R. 791; *González* v. *Plazuela Sugar Co.,* 42 P.R.R. 676; *Martínez* v. *Central Cambalache,* 48 P.R.R. 208; *Picon* v. *Central Cambalache,* 48 P.R.R. 495.

 And in the second place said evidence does not show either that the defendant is included in the case of Sections 503 of the Civil Code (Ed. 1930).

Said Section provides:

"Section 503.—When a tenement, acquired by sale, exchange or division, shall be surrounded by other tenements of the vendor, ex-changer or part-owner, the latter shall be obliged to grant the right of way without indemnity, unless there is an agreement to the contrary."

And the reasons which the lower court had for its failure to apply it, as they appear in its opinion, were as follows:

"As to the other defense alleged in the answer that the property of the defendand which was adjudicated in the partition of the estate was surrounded by the other properties adjudicated, without an agreement that the road of the parcel which today belongs to the plaintiff could not be used, is not correct either, because as said property is crossed by an insular highway, and it was not alleged nor proved that its boundary with the same is inaccessible, the property is not incommunicated. Even though the parcel adjudicated to the defendant in the partition had been surrounded by others, if subsequently he united the same with another which bounded with the public highway, he would not have a right of way through another property which composed the estate either. Section 504 of the Civil Code (Ed. 1930). Furthermore, the obligations established by section 504 of the Civil Code (Ed. 1930), to grant a right of way without indemnity, refers to the vendor, exchanger, or part-owner, and not to a third person as the plaintiff in this case is. The use of another road in much better condition, which communicates the buildings with the highway and with which the property of the defendant bounds in nearly its full length, also places this case beyond the provisions of the law as to right of way over adjacent properties."

The evidence established in effect that the property of the defendant bounded with the highway and the defendant himself had the burden to prove that in spite of this fact the condition of the land was such as did not permit an outlet and he failed to do so.

The facts of the case of the Supreme Court of Spain which the defendant cites are different to the instant case.

There it was proved that the property did not have an outlet, as it was mentioned in the finding of the judgment which reads:

"Considering that the action for the denial of servitude, when it is exercised as in the instant case, to obtain a declaration that the lots or parcels of lands of which the plaintiff is the owner are free of any servitude it is necessary that said freedom result and be apparent, and as the defendants have proved, and it is also a fact admitted by both parties in litigation that their respective properties or lots were surrounded by others of the plaintiff when the division and adjudication of the whole plantation possessed in common was made, without an outlet to a public or private highway, and that it was impossible to work on them or to make use of the same, it is clear that said defendants are entitled, in turn to claim in this suit the right provided by Section 567 of the Code to assert against the contention of the plaintiff, the existence of the servitude of right of way."

And furthermore the evidence established the existence of another paved road by which automobiles may travel, and which leads to the buildings of the old plantation, and serves as an outlet for the property of the defendant who failed to prove that its use was prohibited.

■ It is true that the evidence shows that when the plantation existed there was a right of way by the place indicated by the defendant in order to reach the buildings and that the defendant after the plantation was divided continued to pass across the portion which today belongs to the plaintiff who made no objection, but said facts with the characteristics which in the same manner appear from the evidence, cannot serve as a basis for a judicial declaration of the existence of a servitude of right of way. As it was said in the case of *Nadal* v. *Muratti,* 34 P.R.R. 244, 249:

". . . . The use of roads by tolerance is a matter of frequent occurrence in the rural districts of Porto Rico. Floded rivers and streams, bad condition of certain county roads, short cuts, friendship, establishing of schools and stores at given places fear of provoking controversies or unfriendliness, desire to favor neighbors by making

distance shorter and travel easier, and many other circumstances can be pointed to as causes for this condition. No doubt a similar situation and the idea of fixing and making certain something which is a privilege of great importance for one and an encumbrance of no less importance for the other were the causes that prompted the Spanish legislators to modify the law and the Portorican Legislature to let the modification stand. Hence, travel which is merely tolerated generally continues until there is abuse, as the evidence showed there was in this case. Therefore when one seeks to obtain an absolute and permanent right he knows that he must enter into a contract in order to acquire the right for an appropriate consideration, and the right so acquired can be secured as against third persons by recording it according to the provisions of the Mortgage Law. After 1890 the indefinite and vague conditions concerning this kind of a servitude disappeared in Porto Rico.''

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.